IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE FOR
MORGAN STANLEY ABS CAPITAL I
INC. TRUST 2006-HE3,

      Plaintiff,

vs.

SAMER AWWAD; ABIR N. AWWAD,

      Defendants.
                                      /

No. CIV S-11-1942 JAM EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

On July 25, 2011, defendants, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Solano County. Dckt. No. 1. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As

1

explained below, defendants have failed to meet their burden.

Defendants' notice of removal is predicated upon the court's federal question jurisdiction. Dckt. No. 1 at 2 (citing 28 U.S.C. §§ 1441(b), 1446(a)). Defendant contends that "[t]he complaint presents federal questions." *Id.* However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. Dckt. No. 1-1 at 15-17 (Compl.). Therefore, because defendants have not adequately established that plaintiff's complaint alleges a federal claim,[1] the court lacks subject matter jurisdiction and must remand the case.[2] *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference currently set for hearing on November 30, 2011, is vacated.[3]

IT IS FURTHER RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Solano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[1] Nor have defendants established that this court has diversity jurisdiction.

[2] It is also unclear whether the notice of removal was timely. Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Here, defendants note that the complaint was filed in state court "[o]n March 11, 2011," but do not indicate when they were served with or otherwise received a copy of the complaint. Dckt. No. 1 at 1.

[3] As a result, the parties are not required to submit status reports as provided in the July 25, 2011 order. *See* Dckt. No. 2. However, if the recommendation of remand herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

1  shall be served and filed within fourteen days after service of the objections.  Failure to file
2  objections within the specified time may waive the right to appeal the District Court's order.
3  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
4  Cir. 1991).

5  Dated: September 21, 2011.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE